

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Chas. W. Castner, Chief
Eleemosynary Division
State Board of Control
Austin, Texas

Dear Dr. Castner:          Opinion No. O-2977

                           Re: Classification of a child as
                               an orphan or half-orphan to
                               make it eligible for benefits,
                               under Public Welfare Act.

        This will acknowledge receipt of your letter
of inquiry, as follows:

        "The Child Welfare Division of the State
        Department of Public Welfare has submit-
        ted the following question to this Board,
        which we in turn submit to you for an
        opinion:

                "What length of time is
                necessary to elapse be-
                fore a child is classi-
                fied as an orphan or half-
                orphan following the di-
                vorce or the desertion of
                one parent? This is in
                the sense that a child is
                deprived of the protection
                and support of a parent
                for a long period because
                of the divorce or desertion
                of a parent.'"

        There is no general statute defining the status
of a child as an orphan or half-orphan by reason of the
death of one of the parents, or the divorcement of the
pair, or the desertion by the one or the other of the
parents.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. Chas. W. Castner - page 2

Article 695c, Vernon's Civil Statutes, Section 1, Subdivision (e), defines as follows:

"The term 'dependent child' means a needy child under the age of fourteen (14) years, who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and whose relatives liable under the law for his support, are not able to provide adequate care or support for such child without public assistance, and who living with his father, adoptive father, mother, adoptive mother, grandfather, grandfather-in-law, great-grandfather, grandmother, grandmother-in-law, great-grandmother, stepfather, stepmother (but not their parents), brother, brother of the half blood, brother-in-law, adoptive brother, sister, sister of the half blood, sister-in-law, adoptive sister, step-brother, step-sister, uncle and aunt of the whole or half blood, uncle-in-law, aunt-in-law, great-uncle, or great-aunt in a place maintained by one or more of such relatives as his or her home."

Sections 22, 23 and 24 of the Act are as follows:

"Sec. 22. The amount of assistance which shall be granted for any needy dependent child shall be determined by the State Department through its district or county agencies in the county or district in which the child resides, with due regard to the resources and necessary expenditures of the family of such child and the conditions existing in each case, and in accordance with the rules and regulations made by the State Department, and shall be sufficient, when added to all other income and support available to the child to provide such child with a reasonable subsistence compatible with decency

and health, within the limitations
and provisions of the Constitution
of Texas as are now provided, or may
later be provided, and, in addition
thereto, such funds as the Federal
Government may appropriate and allo-
cate to the State of Texas from time
to time shall be distributed to the
recipients of assistance in like man-
ner as State funds are paid under the
terms of this Act.

"Sec. 23. Application for as-
sistance for a needy dependent child
under the provisions of this Act
shall be made in the manner and upon
the form prescribed by the State De-
partment. During the period in which
assistance is granted, the State De-
partment shall have jurisdiction over
general guidance of all children aid-
ed.

"Sec. 24. When the investigation
discloses that a child in whose behalf
application for assistance has been
made is a needy dependent child as de-
fined in this Act, and that such child
is living, or will live, with one or
more of the relatives prescribed in
this Act, assistance may be allowed
for the support of such child if other
provisions of this Act are complied
with."

It will be seen these Sections are broad, and
confer upon the Department a reasonable and liberal dis-
cretion in providing for dependent children eligible for
benefits. The "reasonable subsistence" authorized to be
supplied is determined upon the facts and circumstances
surrounding the child at the time of inquiry, or applica-
tion for aid, rather than by any question of the time dur-
ing which the child has been a dependent child, or of the
cause or causes which may have produced the conditions.

798

This answer is indeed most general, but we can hardly be more specific in view of the generality of your inquiry.

Trusting that this will be a sufficient answer to your question, however, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS,

APPROVED JUL 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN